IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


BRIAN J. SHAFFER                                                                                    PLAINTIFF

v.                            Civil No. 03-5193

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                                                  DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Before the court is counsel's request for approval of attorney's fees in the amount of $10,981.30, pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel requests 25% of his past-due benefits based upon a contingency-fee agreement. Defendant responded that she has no objection to the fee award and believes the request for 25% of plaintiff's past due benefits is reasonable.

**BACKGROUND**

Plaintiff Brian J. Shaffer appealed the Commissioner's denial of benefits to this court. On May 14, 2004, this court entered judgment (Doc. #13) remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Plaintiff's counsel moved for an award of fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Counsel's request was granted on November 30, 2004, awarding fees and costs under EAJA in the amount of $2,406.59, to be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future. Following remand, the ALJ issued a favorable decision on February 2, 2005, finding plaintiff entitled to benefits.

**APPLICABLE LAW**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). The relevant portion of that statute reads, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment."[1] This fee is payable out of, and not in addition to, the amount of claimant's past-due benefits.

Section 406(b) also "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht, et al. v. Barnhart*, 535 U.S. 789, 807 (2002). In *Gisbrecht*, the Supreme Court recognized the primacy of lawful attorney-client fee agreements in determining reasonable attorney fees in cases where claimants prevail in federal court. The Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.,* at 808-809.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, *e.g., McGuire,* 873 F.2d at 983 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); *Lewis v. Secretary of Heath and Human Servs.,* 707 F.2d 246, 249-250 (C.A.6 1983) (instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of

---

1. In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). These factors are generally accepted as being relevant to determining the reasonableness of requested fees in social security disability cases. *McDonald v. Secretary of Health and Human* Services, 884 F.2d 1468, 1473 (1st Cir. 1989).

> the case in court. See *Rodriquez*, 865 F.2d, at 746-747. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); *Wells*, 907 F.2d, at 372 (same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See *Rodriquez,* 865 F.2d, at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

In 1980, Congress enacted the Equal Access to Justice Act, providing for fees payable by the United States. These fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Unlike fees under § 406(b), these fees are paid in addition to, and not out of, the amount withheld from claimant's past-due benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See* Equal Access to Justice Act, Extension and Amendment, P.L. No. 99-80, 99 Stat. 183 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D. Ohio 1985).

Furthermore, awarding fees under both Acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984). However, claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under

Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

Additionally, the district court may only award fees for work done before it; it may not approve fees for work done before the Secretary. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Fenix v. Finch*, 436 F.2d 831 (8th Cir. 1971).

**ANALYSIS**

Plaintiff's attorney seeks a fee award of $10,981.50. As previously noted, plaintiff contracted to pay his attorney 25 percent of any past due benefits owing to him. Had counsel not been successful in obtaining benefits for plaintiff, counsel would not be entitled to a fee award under the contingency nature of the agreement and, therefore, runs a substantial risk of loss. In addition, the benefits to plaintiff are substantial not in just past due benefits but benefits he will continue to receive in the future. We have reviewed this request and find it to be within the statutory 25% ceiling, a reasonable request under the agreement, and does not represent a windfall to plaintiff's counsel.

**CONCLUSION**

In light of the foregoing factors, particularly the contingency nature of the case and the award to plaintiff both in back-pay and on-going benefits, we find counsel's request under the contingency agreement to be reasonable. Counsel is hereby awarded $10,981.30 to be paid out of plaintiff's past due benefits. However, the $10,981.30 fee under Section 406(b) is offset by the $2,350.00 previously awarded under EAJA, leaving a fee amount of $8,631.30, as counsel must refund to the claimant the amount of the smaller fee.

IT IS SO ORDERED this 29th day of September 2005.

>		/s/Beverly Stites Jones
>		HON. BEVERLY STITES JONES
>		UNITED STATES MAGISTRATE JUDGE